DONOVAN, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 9—October 26, 1909.*

*Rape: Evidence: Corroboration.*

A conviction of rape cannot be sustained upon the uncorroborated testimony of a prosecuting witness whose story is intrinsically improbable and almost incredible, especially if she is a person of feeble mind.

ERROR to review a judgment of the circuit court for Jefferson county: GEORGE GRIMM, Circuit Judge. *Reversed.*

For the plaintiff in error there was a brief by *Gustav Buchheit,* attorney, and *Kronshage, McGovern, Goff, Fritz & Hannan,* of counsel, and oral argument by *Mr. Buchheit* and *Mr. F. E. McGovern.*

For the defendant in error there was a brief by the *Attorney General, R. W. Lueck,* district attorney, and *F. T. Tucker,* assistant attorney general, and oral argument by *Mr. Lueck.*

WINSLOW, C. J. It is not believed that any good purpose would be served by a recital of the testimony in this case. The plaintiff in error was convicted of rape. The crime was charged to have been committed June 1, 1906, upon the person of one Elsie Weichert, who was then under fourteen years of age and was adjudged a feeble-minded person before the trial. The conviction was based upon the uncorroborated testimony of the prosecuting witness alone, and her story was intrinsically improbable and almost incredible. Under these circumstances the conviction cannot be sustained. The rule in such cases is that "where the evidence of the prosecuting witness bears upon its face evidence of unreliability, to sustain a conviction there should be corroboration by other evidence as to the principal facts relied on to constitute the crime." *O'Boyle v. State,* 100 Wis. 296, 75 N. W. 989; *Hofer v. State,* 130 Wis. 576, 110 N. W. 391. Especially must this rule be held applicable in a case where the prosecuting witness is a person of feeble mind.

*By the Court.*—Judgment reversed, and action remanded for a new trial.