STATE of Wisconsin, Plaintiff-Respondent,†

v.

Robert Lee SIMPSON, Defendant-Appellant.††

Court of Appeals

*No. 83–873–CR. Submitted on briefs February 27, 1984.—*
*Decided March 27, 1984.*
(Also reported in 347 N.W.2d 920.)

† Petition to cross-review pending.
†† Petition to review granted and remanded to court of appeals for further consideration.

For the defendant-appellant the cause was submitted on the briefs of *Steven P. Weiss*, assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *James H. McDermott*, assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

BABLITCH, J.  Defendant appeals his convictions for kidnapping, sec. 940.31(1)(a), Stats., and second-degree sexual assault, sec. 940.225(2)(a). Defendant contends that there was insufficient evidence to convict him of kidnapping because the acts forming the elements of that crime were purely incidental to the sexual assault. We conclude that the evidence is sufficient to establish the crime of kidnapping, regardless of the incidental role of that crime to the sexual assault, and affirm that conviction. Defendant also contends that the trial court erred by refusing to grant a jury instruction on the lesser included offense of third-degree sexual assault. We agree with that contention and therefore order a new trial on the sexual assault charge.

According to the testimony of the victim, she left a bar with her boyfriend at approximately 1:00 a.m. on the morning of the assault. They planned to proceed to her house in separate cars. The victim stopped to pur-

chase some soda from a vending machine outside a gas station. When she got back into her car, a man she later identified as defendant approached and began talking to her through the closed window. She rolled down the window and he asked if she would give him a ride to his brother's house. The victim refused, but defendant persisted. Finally he reached into the car, unlocked the driver's door, and got in the car, forcing the victim into the passenger's seat.

Defendant started the car and told the victim he was going to drive himself to his brother's house near a high school. He went past the school, however, and drove about the city. At one point the victim persuaded him to stop and asked him to get out of the car. Defendant refused, grabbed her, slapped her, and pulled her hair. He told her he had a knife and that if she cooperated, she would not be hurt. The victim testified that she never saw a knife or any object which might have been a knife displayed by defendant.

Defendant drove into the countryside, turned down a back road near a gravel pit, and stopped the car. The area was wooded and secluded. Defendant got out of the car with the victim, and held on to her while he urinated. She broke away. Defendant followed her, pinned her body against the car, and began kissing her. The victim broke away again and got into the car on the driver's side. Defendant followed her and pushed her from the driver's seat to the passenger's seat. He then removed her clothes and sexually assaulted her.

After the sexual assault defendant drove back into town, stopped the car, and asked the victim if she wanted any money. When the victim said no, he got out, and the victim drove to her home. Her boyfriend arrived about fifteen minutes later, at approximately 2:00 a.m., and the police were called.

Defendant testified that on the morning in question he was walking home when he heard a woman in a car yell to him. He walked over to the car and talked to the woman. She offered him a ride to his brother's house. Once in the car, she drove out into the country and stopped the car. The woman pushed her seat back, they talked for a while, began kissing, and eventually had consensual intercourse. Defendant testified that he did not threaten the woman with a knife, did not strike her, and did not use force of any kind to have sex with her. Hospital records show no indication that the victim was choked. There were no bruises on her body, although minor scratches were found on her back which she testified were not present prior to the assault.

### Sufficiency of the Evidence—Kidnapping

The standard for reviewing the sufficiency of the evidence was stated in *Thomas v. State*, 92 Wis. 2d 372, 384–85, 284 N.W.2d 917, 924 (1979), as follows:

". . . when the question of the sufficiency of the evidence is presented on appeal in a criminal case the only question for this court is whether the evidence adduced, believed and rationally considered by the jury, was sufficient to prove the defendant's guilt beyond a reasonable doubt. . . . This ultimate test is the same whether the trier of the facts is a court or a jury. . . . The test is not whether this court is convinced of the guilt of the defendant beyond a reasonable doubt but whether this court can conclude the trier of the facts could, acting reasonably, be convinced to the required degree of certitude by the evidence which it had a right to believe and accept as true.

". . . Stating the rule conversely for the sake of clarity, the evidence when considered most favorably to the state and the conviction must be so insufficient in probative value and force that it can be said as a matter of law that no trier of facts acting reasonably could be

convinced to that degree of certitude which the law defines as 'beyond a reasonable doubt.' "

*Id.* (quoting *Krueger v. State,* 84 Wis. 2d 272, 282–83, 267 N.W.2d 602, 607, *cert. denied,* 439 U.S. 874 (1978)).

Kidnapping is defined in sec. 940.31(1)(a), Stats., as follows:

(1) Whoever does any of the following is guilty of a Class B felony:

(a) By force or threat of imminent force carries another from one place to another without his consent and with intent to cause him to be secretly confined or imprisoned or to be carried out of this state or to be held to service against his will.

Defendant contends that no evidence supports either the element of asportation (carrying from one place to another) or of intent to secretly confine. The crux of his argument is the contention that if the evidence offered in support of either element is incidental to the commission of another crime, it cannot constitute an element of kidnapping. Because we conclude that the supreme court has resolved this underlying issue to the contrary, we reject his contention.

The requirement that asportation of a kidnapping victim be nonincidental to any offense other than kidnapping has been imposed in some states. *See People v. Daniels,* 459 P.2d 225 (Cal. 1969); *People v. Adams,* 205 N.W.2d 415 (Mich. 1973); *People v. Levy,* 204 N.E.2d 842 (N.Y.), *cert. denied,* 381 U.S. 938 (1965). In *Levy,* for example, the New York Court of Appeals found that no kidnapping occurred when defendants accosted a husband and wife, who had just arrived home in their car, and drove the couple around for approximately 20 minutes while robbing them. The court noted that the broad statutory definition of kidnapping:

could literally overrun several other crimes, notably robbery and rape, and in some circumstances assault, since

detention and sometimes confinement, against the will of the victim, frequently accompany these crimes . . . .

It is unlikely that these restraints, sometimes accompanied by asportation, which are incidents to other crimes and have long been treated as integral parts of other crimes, were intended by the Legislature in framing its broad definition of kidnapping to constitute a separate crime of kidnapping, even though kidnapping might sometimes be spelled out literally from the statutory words.

*Levy,* 204 N.E.2d at 844.

In *People v. Lombardi,* 229 N.E.2d 206, 208 (N.Y. 1967), the New York Court of Appeals further explained the doctrine enunciated in *Levy:*

[T]he direction of the criminal law has been to limit the scope of the kidnapping statute, with its very substantially more severe penal consequences, to true kidnapping situations and not to apply it to crimes which are essentially robbery, rape or assault and in which some confinement or asportation occurs as a subsidiary incident.

The concerns expressed in *Levy* and *Lombardi,*[1] have been rejected by the Wisconsin Supreme Court in *Harris*

---

[1] These concerns have been echoed by legal scholars and by the drafters of the Model Penal Code. *See* Comment, *Judicial Construction of Kidnapping Statutes,* 15 Alb. L. Rev. 65, 77 (1951); Comment, *Room-to-Room Movement: A Risk Rationale for Aggravated Kidnapping,* 11 Stan. L. Rev. 554, 555 (1959); Note, *A Rationale of the Law of Kidnapping,* 53 Colum. L. Rev. 540–556 (1953); Note, *Kidnap[p]ing and the Element of Asportation,* 35 S. Cal. L. Rev. 212, 216–17 (1962); Note, 110 U. Pa. L. Rev 293, 296 (1961). The Model Penal Code Sec. 212.1 comment 2, at 220–21 (1980) states:

The other potential danger which a rational penal code must avoid is that the definition of kidnapping will sweep within its scope conduct that is decidely [sic] wrongful but that should be punished as some other crime.

. . . .

Similarly, many instances of forcible rape involve some coerced movement of the victim or unlawful restraint for enough time to complete the sex act. Again, the actor may be liable for both

*v. State*, 78 Wis. 2d 357, 254 N.W.2d 291 (1977). In that case the defendants abducted a seventeen year-old-girl in their car, beat and abused her as they drove around for about an hour, and finally forced her to perform acts of fellatio on them after parking the car in an alley. They were charged both with abduction of a child for immoral purposes by use or threat of force under former sec. 940.32(3), Stats. (1973),[2] and with sexual perversion under former sec. 944.17, Stats. (1973).[3]

The supreme court rejected the defendants' contention that the former charge should be dismissed because the

kidnapping and rape, even though such asportation or detention of the victim is a criminologically insignificant circumstance in a course of conduct constituting rape. Definition of kidnapping to exclude such cases is a task of special subtlety for, unless particular care is taken, trivial aspects of robbery, rape, or some other crime will end up classified as the most serious version of kidnapping. (Footnotes omitted.)

The concerns expressed here are not merely hypothetical. Experience reveals numerous instances of abusive prosecution under expansive kidnapping statutes for conduct that a rational and mature penal law would have treated as another crime. Furthermore, the harms occasioned thereby are more important than mere aesthetic distaste for conceptual confusion. The availability of kidnapping as an alternative to robbery or rape may mean imposition of higher penalties on grounds that must be termed haphazard.

[2] Section 940.32(3), Stats. (1973), provided:

Whoever, for any unlawful or immoral purpose, does any of the following may be imprisoned not more than 15 years:

. . .

(3) By force or threat of imminent force, detains any child under 18 years of age who is away from his home or the custody of his parent or guardian.

[3] Section 944.17, Stats. (1973), provided:

Whoever does either of the following may be fined not more than $500 or imprisoned not more than 5 years or both:

(1) Commits an abnormal act of sexual gratification involving the sex organ of one person and the mouth or anus of another

. . . .

only force used against the victim was incidental to the acts of fellatio, and should not be used to satisfy an element of criminal abduction. The court noted the reasoning of *Levy*, but stated: "*Levy* does not persuade us to abandon our rule regarding liability for more than one crime arising out of a single act." 78 Wis. 2d at 367, 254 N.W.2d at 296.

The supreme court also observed that the effect of accepting the defendants argument would be to immunize the defendants from the substantial penalties attached to the abduction charge, to which they would have been subject had they been apprehended prior to committing the sexual acts, for the sole reason that they had accomplished their purpose of sexual gratification prior to apprehension by acts which were subject to much lesser penalties. 78 Wis. 2d at 367, 254 N.W.2d at 296–97. The court viewed this as an anomalous result and an additional reason to reject the defendants position.

Although the crimes charged in this case are different from those charged in *Harris,* the reasoning in *Harris* controls our disposition of this issue. Defendant cites no Wisconsin authority for his proposition that evidence of conduct which is "merely incidental" to the commission of a crime, such as sexual assault, may not be used to satisfy an element of another crime, such as kidnapping. Wisconsin authority supports the opposite conclusion.

Section 939.65, Stats., provides: "If an act forms the basis for a crime punishable under more than one statutory provision, prosecution may proceed under any or all such provisions." Section 939.71,[4] "limits the number of

---

[4] Section 939.71, Stats., provides:

If an act forms the basis for a crime punishable under more than one statutory provision of this state or under a statutory provision of this state and the laws of another jurisdiction, a conviction or acquittal on the merits under one provision bars a

convictions for that act to one, unless a conviction requires proof of a fact that is not required to support the other convictions." *State v. Pohlhammer,* 78 Wis. 2d 516, 522, 254 N.W.2d 478, 480 (1977). *Harris* noted sec. 939.65, Stats., in rejecting the claim that the co-existence of several crimes whose elements were satisfied by the defendants' conduct gave the prosecutor "excessive leeway in his charging decision." 78 Wis. 2d at 368, 254 N.W.2d at 297.

The crime of kidnapping requires proof of facts showing both asportation and intent to secretly confine. These facts are not required to satisfy any element of the sexual assault statute. Similarly, sexual assault requires proof of facts showing sexual contact or intercourse without consent. No such facts are necessary to establish kidnapping. The crimes are discretely defined. We decline to construe the kidnapping statute to require proof of facts showing asportation or of secret confinement which are wholly independent of, and nonincidental to, the commission of the additional crime charged. We therefore review the evidence to determine whether a reasonable jury, acting reasonably, could find beyond a reasonable doubt that the elements of asportation and intent to secretly confine had been proven.

The evidence supports a finding that defendant carried the victim from one place to another. The victim testified that defendant forced himself into her car, drove her around the city and transported her to the back country road where the assault occurred. The jury could reasonably believe that testimony and find that the asportation element was satisfied.

subsequent prosecution under the other provision unless each provision requires proof of a fact for conviction which the other does not require.

The same reasoning applies to the element of secret confinement. Although defendant argues that he intended to commit a sexual assault, rather than to secretly confine the victim, there is no requirement that an intent to secretly confine be nonincidental to a sexual assault.

Intent can be inferred from conduct. *State v. Grady*, 93 Wis. 2d 1, 7, 286 N.W.2d 607, 609 (Ct. App. 1979). The victim testified that after forcing himself into her car, defendant refused to leave, pulled her hair, slapped her, and threatened her with a knife if she did not cooperate. He then drove her to a secluded location, held her there against her will and, finally, sexually assaulted her. On these facts, the jury could reasonably believe that defendant intended to secretly confine the victim. His purpose in doing so is immaterial to that intent.

We conclude that the kidnapping conviction must be affirmed.

### New Trial—Kidnapping

Defendant contends that he should be granted a new trial on the kidnapping charge in the interest of justice. He urges that it is "not just to pile a kidnapping charge carrying a maximum penalty of twenty years' incarceration on top of a sexual assault charge, where the kidnapping was wholly incidental to the sexual assault, and where the defendant obviously had no independent intent to commit a kidnapping."

A new trial in the interests of justice will be granted only where the reviewing court is convinced "that there has been a probable miscarriage of justice, that the defendant should not have been found guilty, and that a new trial would lead to a different result." *Schultz v. State*, 87 Wis. 2d 167, 174, 274 N.W.2d 614, 617 (1979), *quoted in State v. Lederer*, 99 Wis. 2d 430, 445, 299 N.W.2d 457, 465 (Ct. App. 1980). This standard, as

well as the standard for discretionary reversal set forth in sec. 752.35, Stats.,[5] applies to injustice appearing in the record of the proceedings.

There is no reason to believe that a new trial on the kidnapping charge would lead to a different verdict. We therefore deny defendant's request for a new trial in the interests of justice.

### Third-Degree Assault Instruction

Defendant contends that the trial court erred in refusing to instruct the jury on third-degree sexual assault. The rule for determining when a lesser included offense should be submitted to the jury was stated in *Hawthorne v. State*, 99 Wis. 2d 673, 683, 299 N.W.2d 866, 870 (1981):

[I]f the evidence, in one reasonable view, would suffice to prove guilt of the higher degree beyond a reasonable doubt, and if, under a different, but reasonable view, the evidence would suffice to prove guilt of the lower degree beyond a reasonable doubt, but leave a reasonable doubt as to some element included in the higher degree but not in the lower, the court should, if requested, submit the lower degree as well as the higher.

*Id.* (quoting *State v. Bergenthal*, 47 Wis. 2d 668, 674, 178 N.W.2d 16, 20 (1970), *cert. denied*, 402 U.S. 972

---

[5] Section 752.35, Stats., states:

In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record and may direct the entry of the proper judgment or remit the case to the trial court for entry of the proper judgment or for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice.

(1971)). Improper failure to submit the requested lesser included offense to the jury is prejudicial error, requiring a new trial. *Hawthorne,* 99 Wis. 2d at 684, 299 N.W.2d at 871.

Second-degree sexual assault, of which the defendant was convicted, is defined in sec. 940.225 (2) (a), Stats., as having "sexual contact or sexual intercourse with another person without consent of that person by use of threat of force or violence." Third-degree sexual assault is defined in sec. 940.225 (3) as having "sexual intercourse with a person without the consent of that person." Section 940.225 (4) defines "consent" as "words or overt actions by a person who is competent to give informed consent indicating a freely given agreement to have sexual intercourse or sexual contact." Both second and third-degree sexual assault require proof that the victim did not freely agree to the sexual act. The two degrees are distinguished by the element of the use or threat of force or violence in second-degree sexual assault.

Defendant testified that the victim consented to have sex with him. He also testified that he did not strike, threaten, or use force to have sex with her. Defendant contends that if the jury disbelieved his testimony that the sexual act was consensual, but believed his testimony that no force or threat of force was involved, then the jury could reasonably have found him guilty of third-degree sexual assault.

The state counters that under *Boyer v. State,* 91 Wis. 2d 647, 671, 284 N.W.2d 30, 39 (1979), "[t]he defendant is bound by his own testimony." The state urges that because defendant testified that the act was consensual, his testimony as a whole was inconsistent with third-degree sexual assault and he is not entitled to an instruction on that offense.

The *Boyer* rule suggests that the defendant's testimony must support the lesser included offense in order to

warrant an instruction on that offense. The defendant cannot manufacture a different theory, unsupported by his testimony, in order to receive an instruction on a lesser included offense.

The defendant's testimony, however, does not have to be viewed as a whole. A jury may reject a portion of the defendant's testimony and accept a different portion. *Walker v. State,* 99 Wis. 2d 687, 299 N.W.2d 861 (1981). In *Walker,* the defendant was charged with attempted first-degree murder. He testified that he intentionally shot in the direction of another person, without intending to hit him, and claimed the privilege of self-defense. An instruction regarding endangering another's safety by conduct regardless of life was requested at trial, but denied. On appeal, the state argued that the defendant was bound by his testimony that he acted in self-defense, and was thus innocent of any crime. The supreme court rejected the state's argument and found prejudicial error in the trial court's refusal to submit the lesser offense of endangering safety. The court observed that the jury could reject the defendant's claim of self-defense, but still find that the defendant lacked the intent to kill. Under those circumstances, the jury could find the defendant guilty of endangering another's safety by conduct regardless of life.

The present case resembles *Walker.* The jury could have rejected defendant's statements that the sexual intercourse was consensual, while accepting his testimony that no force or threat of force was used. Under these circumstances the jury could find defendant guilty of third-degree sexual assault beyond a reasonable doubt, while entertaining a reasonable doubt as to second-degree assault.

We conclude that it was prejudicial error for the trial court not to instruct the jury on third-degree sexual as-

sault. A new trial is therefore warranted on the sexual assault charge. *Hawthorne v. State,* supra. Because of this conclusion, we need not address defendant's remaining contention that the trial court abused its discretion in sentencing him on this charge.

*By the Court.*—The kidnapping conviction is affirmed. The second-degree sexual assault conviction is reversed and the cause is remanded for proceedings consistent with this opinion.

GARTZKE, P.J. (concurring in part and dissenting in part). I concur in the mandate as to the sexual assault charge. I would reverse the kidnapping conviction. I find no evidence from which a jury could conclude that defendant transported the victim to the place of the assault with the intent to secretly confine her, as required, for purposes of this case, by sec. 940.31(1)(a), Stats. He transported her, not with intent to confine but to assault her.

Transporting the victim to the place of the assault cannot meet the confinement element, for that would result in one element of the crime satisfying another element of the same crime.

A second-degree sexual assault may, as here, confine the person during the assault through the use or threat of force or violence, as required by sec. 940.225(2)(a), Stats. That "confinement" is incidental to another purpose, the assault. The confinement contemplated by the kidnapping statute, sec. 940.31(1)(a), Stats., must itself be the intended result.