STATE, Respondent, vs. MITCHELL, Appellant.

*October 15—November 16, 1948.*

For the appellant there was a brief by *Stafford & Stafford,* attorneys, and *Robert F. Pfiffner* of counsel, all of Chippewa Falls, and oral argument by *Mr. Pfiffner.*

For the respondent there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Henry E. Steinbring,* district attorney of Eau Claire county, and oral argument by *Mr. Platz.*

FRITZ, J.    The child, Shirley, lived with her father, Milton Christopher and stepmother, a brother and two younger

sisters, and a grandfather in a two-story house in Eau Claire; and the defendant Earl Mitchell was a boarder and roomer in the house. The parents' bedroom was on the first floor and on the second floor there were separate bedrooms for defendant, the grandfather, and for Shirley and the other children. Shirley was fourteen years of age. She attended school and came home about 4 p.m. and did the housework and cooking for the family. Her father and stepmother were employed on jobs from which they did not return home until after 5 p.m. Defendant likewise was employed elsewhere but usually came home earlier in the afternoon. The grandfather stayed at the house, but during the day was downstairs or in the yard.

On the trial Shirley testified that on or about November 4, and again on November 20, and December 1, 1947, while she was in an upstairs room, the defendant committed certain acts which, if committed as she described, clearly constituted taking indecent liberties with her person. She was not sure on just what dates these acts were committed, nor in what room in the house. She testified,—

"It happened several times and I can't remember the exact date it took place. . . . It usually took place in his room."

Her testimony, in its context, shows she meant that the incidents occurred on various dates in different parts of the house, but she was unable to be certain as to just where each particular incident occurred, because on some occasions the same thing happened elsewhere in the house. At none of the times did she cry out, nor were her parents taken into her confidence or advised by her of what had occurred. She was friendly with the defendant and greeted and talked with him and cooked his meals at all times. There was no corroborating evidence by any witness as to the principal facts testified to by her.

On the other hand, defendant in his testimony denied he committed any of the criminal acts testified to by Shirley.

Her father testified that when he made inquiry of Shirley, she told him approximately what she subsequently testified to on the trial; and when he received that information from her, he reported it to the police department.

On this appeal defendant's attorney contends that Shirley's testimony is incredible because she did not state positively in what room and on what date each offense occurred; and that the evidence is not sufficient to sustain the conviction. These contentions cannot be sustained. Upon our review of the entire record it is evident that it was fully within the province of the jury to consider Shirley's testimony credible and sufficient to establish that on the occasions charged in the information the defendant did commit the criminal acts testified to by her, even though she could not remember the exact date of each occasion or the particular room. Consequently, the trial court's decision that the evidence was sufficient to sustain the conviction should be affirmed.

Defendant also contends that there was error on the trial by the introduction of Shirley's testimony as to similar acts of such unlawful misconduct by defendant in relation to her at other times.

The admission of that testimony did not constitute error. Evidence as to such other acts of indecent familiarity between defendant and Shirley was clearly admissible. *Grabowski v. State,* 126 Wis. 447, 105 N. W. 805; *Proper v. State,* 85 Wis. 615, 629, 55 N. W. 1035; *Commonwealth v. Merriam,* 14 Pick. (Mass.) 518.

*By the Court.*—Judgment affirmed.

BROADFOOT, J., took no part.