[Crim. No. 985. Fourth Dist. May 23, 1955.]

THE PEOPLE, Respondent, v. HOWARD BROOKS, Appellant.

Monroe & Chula for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant was charged in an information in three counts with violating sections 288 and 288a of the Penal Code, consisting of certain acts alleged to have taken place on or about certain dates in August, 1954, upon the

body of and with one Barbara Jean DeWald, aged 7 years.

Defendant pleaded not guilty to each count and a jury convicted him of the charges. A motion for new trial was denied. Criminal proceedings were suspended pending sexual psychopathic examination.

As noted by counsel for defendant, the factual situation revealed by the evidence is "highly distasteful and repugnant." Briefly summarized, the complaining witness testified that sometime "this summer" during school vacation, after July 4, 1954, she went to defendant's garage, next door to her home, and defendant exposed his private parts to her; that at a later time, without stating all the gory details, she went to his house and defendant induced her to do a "Hula" dance with her pants off, and defendant showed her how to do this dance by pulling his pants down and exposing his private parts; that defendant then touched her private parts; that on another such occasion thereafter he rubbed her private parts; and on another occasion he committed an act denounced by section 288a of the Penal Code; that this latter act occurred on five or six different occasions thereafter; that on one occasion, he induced her and her brother, Wayne, aged 10 years, to take a bath in the tub, nude, with him, and committed other indecent acts with, and in the presence of, other children in his home. The testimony as to many of these acts was corroborated by the testimony of one Wayne, one Jill Young, 8 years of age, and one Kenneth Jerome. Defendant told Wayne not to tell his parents of these occurrences.

On September 10, 1954, defendant was asked by an officer if he knew why he was called to the police station and defendant stated he thought it was in relation to the children next door. He was asked if he ever touched and kissed Barbara on her private parts and he admitted he had on two or three occasions. He denied he had her in the bathroom and stated he had warned the children about the happenings in his home and that he did not want his name made public in connection therewith.

On the witness stand he testified he was 64 years of age. He admitted Barbara, as well as Jill, Kenneth and one Charles Wilson, had been in his home. He stated Barbara came over and asked him if he wanted her to do the "Hula," and she dropped her pants and did the "Hula." He admitted he had the children in the bathtub with him on the occasion indicated, but claimed that they came in on him while he

was taking a bath. He denied touching Barbara's private parts in any manner.

From a mere reading of the record it must be concluded that the evidence fully supports the verdict as to each count. On this appeal defendant contends that he was not permitted at the trial to introduce so-called character evidence consisting of a statement by a qualified psychiatrist to the effect that defendant would probably be incapable of doing the acts complained of and that he was not a sexual psychopath, and his nature was such that it would be "improbable" that he intentionally could have committed any of the alleged acts, citing *People* v. *Jones,* 42 Cal.2d 219 [266 P.2d 38]. This complaint arises as a result of the testimony of a certified psychiatrist, neurologist, and brain wave specialist called by defendant. He was allowed, over objections, to testify that he examined the defendant and made certain tests in conjunction with a clinical psychologist, and they found no evidence that defendant was a sexual deviate. The witness, upon questioning, stated that he did not find anything in his examination to indicate any tendency toward this type of conduct. He was then asked if he could say whether defendant was incapable of having performed these acts with the intent, as charged, and the witness answered: "No, not necessarily." Counsel for defendant then endeavored to elicit a more definite answer to the question. The trial court sustained objections thereto. Defendant claims prejudicial error as a result of the ruling. It affirmatively appears from the record that the expert witness did testify to such opinions as were held allowable in the Jones case, and defendant's counsel was not unduly limited in his examination of the witness in this respect. No prejudicial error appears.

The next claim is that the court erred in not requiring the prosecution to elect and fix the precise date upon which it claimed these particular acts occurred, and in failing to instruct the jury accordingly. It appears that these were young children testifying to certain acts on certain occasions that occurred several months before the trial. A particular calendar date was not remembered by the children. If the jury believed that the offenses did happen on or about the dates charged and within the limitation period, and defendant was sufficiently apprised of the approximate dates of the offenses and was not misled in making his defense or placed in danger of being twice in jeopardy, no prejudicial error appears. A sufficient showing was made by the prose-

cution, and the necessity of election or further instructions to the jury is not indicated. Defendant admitted being present at the time described but denied the acts charged. No prejudicial error resulted. (*People* v. *Ralls*, 21 Cal.App.2d 674 [70 P.2d 265] ; *People* v. *Becker*, 140 Cal.App. 162 [35 P.2d 196].)

 Some complaint is made of an oral instruction given by the court which was in part: ''You must find beyond a reasonable doubt on all three of them (counts) and on all phases of all three of them.'' It is concluded by defendant that this was a direction to the jury to find defendant guilty on all three counts. We do not so construe it. Literally construed, it was probably more favorable to the defendant than it should have been. The jury was otherwise properly instructed in this respect in previous written instructions. No prejudicial error appears.

 Next, defendant complains of the testimony of Kenneth Jerome, who related certain facts about defendant's conduct on one of these occasions in reference to the ''Hula'' dance when defendant exposed himself to the children. The claim is that it was extraneous evidence and highly prejudicial. It was corroborative of the other children's testimony and was clearly admissible under the circumstances of this case. (*People* v. *Hunt,* 17 Cal.App.2d 284, 286 [61 P.2d 1208].)

The last claim is, as we construe it, that the evidence was not fairly interpreted by the jury, in conjunction with the presumption of innocence, due to the nature of the charges against defendant. The testimony of the various witnesses fully supports the verdict rendered, a fair trial was had, and nowhere does it appear from the record that the jury was prompted into returning such a verdict by reason of passion or prejudice.

Judgment and order affirmed.

Barnard, P. J., and Mussell, J., concurred.