### State of Vermont v. Thomas Levi Daniels

[274 A.2d 480]

No. 9-70

Present: Holden, C.J., Barney, Smith and Keyser, JJ., and Daley, Supr. J.

Opinion Filed February 2, 1971

*James M. Jeffords*, Attorney General, and *William T. Keefe*, Assistant Attorney General, for Plaintiff.

*David L. Willis*, St. Johnsbury, for Defendant.

**Barney, J.** The court directed a verdict in favor of the respondent at the close of the state's case, and permitted the state to appeal the ruling before final judgment. The respondent was charged with lewd and lascivious conduct with a child "on or about the 16th day of September, 1969." When the evidence was in it established the date of the offense as August 28, 1969. The respondent argued that there was a variance between the date alleged and the date evidenced so great that the direction of a verdict in his favor was required. The court agreed, observing that it would be improper to allow the state to amend. The propriety of this ruling is the only issue appealed.

13 V.S.A. § 6553 provides that:

> ". . . a complaint, information or indictment shall not be held bad, nor shall the trial, judgment or other proceedings thereon be affected . . . for omitting to state the time at which the offense was committed in any case where time is not the essence of the offense, or for stating the time imperfectly, or upon a day in the future, or upon an impossible day, or a day that never happened. . . ."

Time is no more of the essence of the crime charged here than it is of adultery. In a prosecution for that offense, a conviction may be had for an offense committed on any date prior to the one alleged, so long as it is not barred by the statute of limitations. *State* v. *Vadney,* 108 Vt. 299, 301, 187 A. 381 (1936).

This is not to say that the burden placed on a respondent by the disparity between pleading and proof is a matter of no concern. The opportunity to further interrogate and depose witnesses, seek out and produce additional witnesses and evidence, together with the granting of reasonable continuances, if necessary, can be made available to the respondent, within the framework of the trial, as fairness and full protection of his interests may require. But he is not, on this account, entitled to exoneration from the charges, and the

state ought to be allowed to amend its pleadings to conform to the evidence.

*The certified question inquiring if the direction of the verdict was correct is answered in the negative, and the cause is remanded for a new trial.*