STATE, Plaintiff-Appellant, v. SIRISUN, and another, Defendants-Respondents.

Court of Appeals

*No. 78–239–CR. Submitted on briefs January 23, 1979.—Decided April 6, 1979.*
(Also reported in 279 N.W.2d 484.)

For the plaintiff-appellant the cause was submitted on the briefs of *Jeffrey A. Kremers,* assistant district attorney, with whom on the brief was *E. Michael McCann,* district attorney.

For the defendants-respondents, the cause was submitted on the briefs of *Daniel P. Kondos* of Kondos & Kondos, Milwaukee, Wisconsin.

Before Decker, C. J., Cannon, P. J., and Robert W. Hansen, Reserve Judge.

CANNON, P.J. This is an appeal by the state from an order of the circuit court of Milwaukee county, entered August 14, 1978, after a preliminary hearing, dismissing one of two criminal counts against the defendants, Socrates Sirisun and Sharon Brown.[1] The defendants were charged in the first count with first degree sexual assault as parties to a crime, contrary to secs. 940.225 (1) (a) and 939.05, Stats. Sharon Brown is the mother of the eight-year old prosecutrix. Sirisun was allegedly Mrs. Brown's boyfriend.

Only two witnesses testified at the preliminary hearing, the prosecutrix and her father, Mr. Brown. Mr. Brown testified that his daughter lived with Mrs. Brown from June 8 to July 12, 1978. Apparently Mr. Brown had custody of the prosecutrix before June 8 and after July 12.

The prosecutrix was eight years old at the time of the preliminary hearing. She testified that when she stayed with her mother, she would occasionally sleep in the same bed with her. She testified that sometimes Socrates Sirisun also would sleep in the same bed with her and her mother. By use of a drawing, the prosecutrix indicated that sometimes Sirisun "touched" her in

---

[1] The court found probable cause to bind over defendant Sirisun on a second count. The second count, which is not at issue in this appeal, was against Sirisun only.

her vaginal area with his genitals. She testified that it hurt, that it happened more than once, and that sometimes her mother, Mrs. Brown, was present. Her mother later told her not to tell anyone about the incident. After hearing testimony, the trial court, in its oral decision, stated:

[I] suspect very strongly that what is alleged to have occurred, occurred; and I frankly loathe not binding it over, because I can't think of anything worse than a parent or a person in loco parenti, if you will, as Mr. Sirisun apparently was, could do to a little girl than they could do this.

However, the court then stated that:

[T]he little girl on questioning in direct examination and cross examination and in answer to the Court's questions was extremely vague. I could not pin it down to a time and occurrence, and it rises to the level on this Court's opinion of a strong suspicion, but not probable cause.[2]

On appeal the state contends that probable cause was shown to support a bindover of the defendants for trial, and that the court abused its discretion by not so finding. We agree and reverse the trial court's order dismissing the case.

At the trial level:

A defendant may be bound over for trial when the evidence at the preliminary hearing is sufficient to es-

---

[2] In explaining his decision that probable cause had not been shown, the trial court stated:

When the Court asked her to recall the last time it occurred, she said she didn't remember; and the Court asked her whether she couldn't remember part or all of it, as to try to see whether it was just part of it she was remembering, she said she couldn't remember. So, we are left to speculate as to the time and memory and vagueness of the events, . . . .

tablish probable cause that a crime has been committed and that the defendant probably committed it.

The probable cause that is required for a bindover is greater than that required for the issuance of an arrest warrant, but guilt beyond a reasonable doubt need not be proven. *State v. Berby*, 81 Wis.2d 677, 683, 260 N.W.2d 798 (1978).

The appellate court operates under a different standard on appeal.

"The reviewing court can examine the evidence only sufficiently to discover whether there was any substantial ground for the exercise of judgment by the committing magistrate. When the reviewing court has discovered that there is competent evidence for the judicial mind of the examining magistrate to act on in determining the existence of the essential facts, it has reached the limit of its jurisdiction and cannot go beyond that and weigh the evidence." *State v. Olson*, 75 Wis.2d 575, 584, 250 N.W.2d 12 (1977), quoting *State ex rel. Hussong v. Froelich*, 62 Wis.2d 577, 583, 215 N.W.2d 390 (1974).

In this case, while the prosecutrix appeared occasionally confused by her cross-examination by the defense attorney and the questioning by the court, she did not in any essential manner contradict herself and rather doggedly kept to her basic testimony that she was molested by the defendant Sirisun.[3] After a review of the record,

---

[3] For instance, note the following exchanges during cross-examination:

Q You don't remember if Socrates ever touched you, do you?
A Yes.
Q You don't remember?
A I do.
Q Do you remember how many times he touched you?
A No.

. . . .

Q Do you know if he ever touched you after school was out?
A Yes.

we find the testimony at the preliminary hearing un-contradicted that the defendants, as parties to a crime, committed the crime charged.

The trial court appeared to base its decision dismissing the charge against the defendants at least partially on the fact that the prosecutrix could not determine the time of the crime or crimes to a more exact degree than between June 8 and July 12, 1978. However, in the circumstances of this case, the lack of a specific date

Q Do you know how many times?
A No.

. . . .

Q You don't remember how many times Socrates touched you here, do you?
A Um-um, no.
Q Okay. You're not even sure that he did; isn't that right?
A He did.
Q You're not sure with what he touched you, are you?
A Yes.
Q You are sure?
A Um-hum.
Q Was anyone around when you say he touched you, if you know? If you remember?
A My mom.
Q And where was this?
A In the bedroom.
Q Whose bedroom?
A My mom's.

. . . .

Q You're not sure that he even touched you one time before school was out; isn't that right?
A He did.
Q Was it more than once?
A Yes.
Q Do you remember when?
A No.
Q You have no idea when?
A No.
Q Could have been last year; right?
A No.

was not a sufficient reason for the court to refuse a bindover.

Section 970.03, Stats., which provides certain rules governing preliminary hearings, does not require that proof of the exact time of the offense be shown. Although testimony regarding the time of the offense may be an important factor at a preliminary hearing, in this case the importance of the information was somewhat tempered by the age of the prosecutrix, her obvious difficulty in testifying about the alleged crime, her repeated insistence that the crime had occurred at least once, and the uncontradicted testimony that the crime had been committed during a six week span well within the confines of the statute of limitations.

Courts have generally held that at trial, a prosecutrix' inability to connect the alleged crime with a particular date goes to the issue of credibility, and thus is a matter for consideration by the jury. In *State v. Mitchell*, 253 Wis. 626, 628, 34 N.W.2d 661 (1948), a 14-year old girl alleged that she was the subject of a sexual assault, but could not determine "on just what dates these acts were committed. . . ." The court found:

Upon our review of the entire record it is evident that it was fully within the province of the jury to consider [the prosecutrix'] testimony credible and sufficient to establish that on the occasions charged in the information the defendant did commit the criminal acts testified to by her, even though she could not remember the exact date of each occasion. . . .

Other state courts agree with this position. For instance, in *State v. Berry*, 101 Ariz. 310, 419 P.2d 337, 341 (1966), wherein a six-year old victim of child molestation was unable to testify regarding the exact dates of the assault, the court found:

The fact that the victim seemed somewhat unsure of the time of the assault might be considered by the jury as going to the credibility of her testimony but we find that it is insufficient grounds for declaring a fatal variance. . . . If we were to find a fatal variance under such circumstances it would seem to behoove one who chooses to sexually assault children at the risk of irreparable psychological and physical damage to his victim, to make sure that the child is sufficiently young to be incapable of effectively testifying as to specific dates in the year and minutes on the clock. We recognize, rather, that it is for the jury to determine the truth of the witness' story, . . . .

Similarly, the Indiana Supreme Court in *Tapp v. State,* 256 Ind. 422, 269 N.E.2d 367, 369 (1971) considered a case in which an 11-year old girl alleged she was sexually molested by the defendant. The defendant contended on appeal that no proof was presented at trial regarding the date of the offense. The court held:

Although the precise date of the offense was not determined, it is clear that it occurred in mid-summer 1968. Time in no way being of the essence of the offense, there being no claim or indication that the defendant was in anyway misled or prejudiced . . . and it clearly appearing that the offense took place in the period of the statute of limitations, defendant's position on this point is without merit.[4]

[4] *See* also, *State v. Kammerich,* 550 S.W.2d 931 (Mo. App. 1977); *People v. Brooks,* 133 Cal. App.2d 210, 283 P.2d .748 (1955), *cert* denied 352 U.S. 932 (1956); *People v. Wrigley,* 70 Cal. Reptr. 116, 443 P.2d 580 (1968); *Grantom v. State,* 415 S.W.2d 664 (Tex. Cr. App. 1967); *State v. Daniels,* 129 Vt. 143, 274 A.2d 480 (1971); and *State v. Rankin,* 181 N.W.2d 169, 172 (Iowa 1970), wherein the prosecutrix, an eight-year old girl, alleged that the defendant sexually molested her at least three times between June 17 and July 24, 1968, although no specific date was proved at trial. Although the court expressed concern for the defendant's ability to defend himself from such a charge, it noted:

Some liberality must be permited in this area because of the age of the prosecutrix. A person should not be able to escape punish-

The question of credibility at a preliminary hearing is not determined by the jury but by the court. However, these cases all indicate that a failure by a young prosecutrix in a sexual assault case to designate the date of the exact assault is not necessarily fatal to prosecution on the charge. In this case, testimony is uncontradicted and persistent that the prosecutrix was the victim of at least one sexual assault between June 8 and July 12, 1978, that Socrates Sirisun committed the assault, and that Mrs. Brown both witnessed at least one of the assaults and attempted to conceal it by telling her daughter not to disclose the incident to anyone. The fact that an eight-year old, testifying to a psychologically devastating crime in which her mother allegedly collaborated, could not determine the date of the assault or assaults except within a six-week period is not a sufficient basis for the court to dismiss the charge against the defendants. No evidence existed in the record for the trial court to not find probable cause, and thus the trial court's dismissal of the charge against the defendants was an abuse of discretion. The order is reversed, and the case remanded to the lower court for trial.

*By the Court.*—Order reversed.

ment for such a . . . crime because he has chosen to take carnal knowledge of an infant too young to testify clearly as to the time and details of such . . . activity.