# State of Vermont v. Frank Infante

[596 A.2d 1289]

No. 89-008

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed June 21, 1991

*Linda Petry Effel*, Grand Isle County State's Attorney, Grand Isle, for Plaintiff-Appellee.

*Peter F. Langrock* and *Mitchell L. Pearl* of *Langrock Sperry Parker & Wool*, Middlebury, for Defendant-Appellant.

**Allen, C.J.** Defendant, Frank Infante, appeals his conviction after trial by jury of two counts of sexual assault under 13 V.S.A. § 3252(1)(A). We reverse and remand.

Complainant, who is blind, alleged that when he was sixteen years old he was sexually assaulted by defendant. Complainant did not report the assault to the police until September 1986 and initially indicated that the assault occurred on July 9, 1985, which was the date then included in the informations. At a subsequent deposition complainant testified that the offense occurred on July 2, 1985. Complainant finally fixed the date as July 2, 1984. Nine months before trial the informations were amended to charge the assault as having occurred on July 2, 1984.

Defendant and his wife owned and operated a summer lodge in Isle LaMotte. Complainant had known the Infantes since he was two or three years old and had visited the lodge for ten consecutive years prior to the assault. As the State's only witness in its case-in-chief, complainant testified that he was invited to the lodge to play the accordion in the summer of 1984. He stated that on the evening of July 2, defendant dropped off his wife in St. Albans and upon returning asked everyone to leave the common area of the lodge at around a quarter to ten. Defendant then instructed complainant to take a shower in the bathroom open to the lodge guests. Complainant was then forcibly taken to an upstairs room where the alleged assault took place. Complainant stated that he screamed loudly during the course of the assault, and that defendant had to put a pillow over his mouth to muffle his continued screaming. The State called complainant's stepmother as a rebuttal witness to reaffirm that complainant was at defendant's lodge on July 2, 1984.

The defense proceeded along two lines. First, defendant attempted through cross-examination of complainant to show that the story was fabricated by complainant to get his father's attention. Second, defendant put on testimony by family members and guests contradicting complainant's account of the evening of July 2, 1984. An attorney from Michigan testified that he and his wife, after setting up camp, went into the lodge around 9:30 that evening and did not leave until 11:30 or midnight. He stated that at no time during the evening did defendant ask them to leave the lodge, and that he did not see complainant until July 4. Another guest, who suffered a physical condition that interfered with his sleep, testified that he heard no screaming. A number of witnesses, including com-

plainant, testified that sound carried clearly throughout the lodge. Defendant's wife and children asserted that they were present and working in the lodge on the evening in question. Defendant's wife testified that she never slept away from the lodge on any night that summer.

The jury returned a verdict of guilty. Defendant's post-trial motion for judgment of acquittal or alternatively for a new trial was denied by the trial court. Defendant asserts four grounds for reversing his conviction and remanding for a new trial. Because we find one of the grounds persuasive, and the others not likely to recur on retrial, we need address only the one.

Defendant's contention is that because he based his defense in part on refuting that the offenses could have occurred as alleged on July 2, 1984, the trial court erred in declining to instruct the jury that it must find the offense to have occurred on this date. We agree that under the circumstances of this case the trial court committed reversible error by declining to instruct the jury as requested.

■ Time is not an essential element of the crime of sexual assault. *State v. Dunbar*, 152 Vt. 399, 403, 566 A.2d 970, 972 (1989). It is settled that the State may charge that an offense occurred on a nonspecific date, *State v. Ross*, 152 Vt. 462, 465, 568 A.2d 335, 337 (1989) (information alleging that sexual assault occurred during the "summer of 1983" was not violative of defendant's rights), and that variance between the date alleged and the date demonstrated by the proofs does not result in acquittal. *State v. Daniels*, 129 Vt. 143, 144–45, 274 A.2d 480, 480 (1971) (State allowed to amend its pleadings to conform to date established at trial). The fact that a defendant raises an alibi defense does not alter these holdings and does not make time an essential element. See *United States v. King*, 703 F.2d 119, 124 (5th Cir.) (time does not become a material element of the offense merely because an alibi defense is presented), *cert. denied*, 464 U.S. 837 (1983); *State v. Jackson*, 221 Or. 315, 325, 351 P.2d 439, 444 (1960) (defendant in a criminal proceeding cannot make time a material element by a defense of alibi); cf. *Dunbar*, 152 Vt. at 403–04, 566 A.2d at 972–73 (State not barred from amending its information, changing the time of offense from on or about a specific date to "during the summer of 1985," even though the amendment erased defendant's alibi defense).

■ However, a defendant's assertion of a defense that makes time critical magnifies the importance of an instruction on the time of the offense. See *State v. Siems*, 535 S.W.2d 261, 266 (Mo. Ct. App. 1976) ("[W]hen an alibi defense is interposed, time may be of decisive importance even though not of the essence of the offense."). This includes the assertion of an alibi defense or, as here, the presentation of witnesses who refute the State's evidence that the crime could have been committed at the time alleged.

■ Where a specific date is presented as the date of the offense, and the defendant raises a defense based on that date, it is improper for the court to decline to instruct the jury they must find the offense to have occurred on that date. See *State v. Coffelt*, 33 Wash. 2d 106, 109, 204 P.2d 521, 523 (1949) (en banc) ("[W]hen the complaining witness has fixed the exact time when the act charged was committed, and the defense is an alibi, the commission of the crime on the exact date so fixed is the controlling issue, and the jury should be instructed that they must find the act to have been committed at that time."); see also *Siems*, 535 S.W.2d at 266 ("When a specific date is presented as the date of the alleged crime, an instruction covering a broad period of time may not be given which would nullify an alibi defense . . . ."); *State v. Kinney*, 35 Ohio App. 3d 84, 87, 519 N.E.2d 1386, 1389 (1987) (where prosecution's case and defendant's alibi defense focused on a date certain, it was error to instruct the jury that they could find the offense to have occurred "on or about" that date). Where the State's evidence points exclusively to a specific date, it would be unfair to allow the jury to find the offense to have occurred on another date simply to avoid the strength of the defendant's alibi. Further, the defendant's alibi cannot constitute evidence that the offense occurred on another date, as this would render the rule meaningless. Where the State's evidence points exclusively to a specific date, and the defendant presents a defense based on that date, the jury's consideration of the defendant's guilt should be restricted to that date.

Here, the State's evidence was that the offense occurred on July 2, 1984. The information, as amended nine months before trial, specified that the offense occurred on this date. Complainant, the sole witness for the State in its case-in-chief, responded

affirmatively when asked whether he was sure about the date. Complainant's stepmother, called by the State as a rebuttal witness, reaffirmed that July 2, 1984 was the date complainant went to defendant's lodge. Defendant raised a defense based on this date. He presented numerous witnesses who testified that the offense could not have occurred as complainant alleged. We conclude that it was error for the court to decline to instruct the jury that they must find the offense to have occurred on the date shown by the State's evidence.

We must also determine whether this error was harmless. The harm in declining to give a date instruction is that the jury is allowed to avoid the defendant's date-based defense by concluding that the offense occurred on a different date. Where the jury has been given no basis for concluding that the offense occurred on a different date, it is difficult to discern any such harm to the defendant. As stated by the Supreme Court of Missouri, in finding a trial court's refusal to give the date instruction proffered by the defendant to be nonprejudicial error:

> The evidence before the jury clearly contrasted the time of the alleged offense and the alibi defense of appellant. This is not a case where the jury could believe that the defendant was where his alibi defense and corroborating witnesses placed him and still believe that the defendant committed the crime in question.

*State v. Graves*, 588 S.W.2d 495, 498 (Mo. 1979) (en banc); see also *United States v. Neuroth*, 809 F.2d 339, 342 n.2 (6th Cir.) ("The more the evidence all points to a particular date, the less risk there is that the jury was confused or was encouraged to speculate about when the crime occurred, and thus the less likely it is that the error was prejudicial."), *cert. denied*, 482 U.S. 916 (1987); *United States v. Creamer*, 721 F.2d 342, 344 (11th Cir. 1983) (defendant was not prejudiced by "on or about" instruction where the specific dates covered by his alibi were the only dates mentioned at trial in relation to the offenses); cf. *Worthey v. State*, 184 Ga. App. 836, 836–37, 363 S.E.2d 54, 54–55 (1987) (court's instruction that "it is not necessary that the State prove that the offenses were committed on the exact date alleged" was not reversible error where all of State's and defendant's evidence went to specific date).

■ We cannot conclude, however, that under the circumstances of this case the error was harmless. The introduction of complainant's testimony of prior inconsistencies concerning the date provided a basis for the jury to conclude that the offenses occurred on a date other than July 2, 1984. This is not a case where no other dates in relation to the offenses were mentioned. Further, the prosecutor, apparently in response to the strength of this defense, expressly invited the jury to conclude the offense occurred on a date other than July 2, 1984. He stated the following in his closing argument:

> You will notice that the date is not an essential element. If you conclude that the event happened, it does not matter whether Juror X thinks it happened on July 9, it doesn't matter whether Juror Y thinks it happened on July 2; 1985, 1984. You can have any kind of doubt, any amount of doubt about that element because it is not essential.

This statement by the prosecutor amplified the prejudicial effect of the court's refusal to give a date instruction. See *State v. Brown*, 35 Wash. 2d 379, 382–83, 213 P.2d 305, 307–08 (1949) (court's "on or about" instruction was erroneous and prejudicial, "particularly . . . in view of the emphasis which the prosecuting attorney placed upon the instruction in his closing argument").

*Reversed and remanded.*