COURT OF APPEALS
DECISION
DATED AND FILED

March 5, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP309**

Cir. Ct. No. **2017JV263**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

IN THE INTEREST OF T. E.-B., A PERSON UNDER THE AGE OF 17:
STATE OF WISCONSIN,

    PETITIONER-RESPONDENT,

V.

T. E.-B.,

    RESPONDENT-APPELLANT.

APPEAL from orders of the circuit court for Dane County: JULIE GENOVESE, Judge. *Affirmed*.

¶1 KLOPPENBURG, J.[1] After a trial to the circuit court, the court found T.E.-B. delinquent for the commission of one act of first-degree sexual

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

assault, sexual contact with a child under the age of thirteen. T.E.-B. contends that the evidence was insufficient to support the finding that he committed the offense on the date stated in the delinquency petition. Because, consistent with the applicable legal standards, the record establishes to the contrary, I affirm.

## BACKGROUND

¶2      The State filed an amended delinquency petition (referred to in this opinion as the petition) alleging that "on or about Wednesday, June 21, 2017," T.E.-B. had sexual contact with a child under the age of thirteen. The petition alleges that, on June 21, 2017, law enforcement was informed that a child born on November 6, 2012, had told her aunt that T.E.-B. had put his "pee-pee in her butt" and that the child's grandmother had contacted Human Services. The petition alleges that, on June 22, 2017, the child told a social worker that the conduct the child described happened when the child was four years old. The petition alleges that during a Safe Harbor interview on June 27, 2017, the child repeated what she had told her aunt, described the details of what T.E.-B. had done, and stated that T.E.-B. had done it before.

¶3      The following pertinent evidence was presented at trial. The child's aunt testified that on one day over Father's Day weekend in June 2017, the child told the aunt's daughter, then the aunt, and then the child's mother what T.E.-B. had done; that the Monday after Father's Day the aunt called the child's grandmother to tell her what the child had said; and that the grandmother then called law enforcement and social services. The grandmother testified that when the child's aunt called, the child told her over the phone what T.E.-B. had done, that the grandmother immediately went and took the child to her house, and that the next day the grandmother called law enforcement. A social worker testified

that she was assigned this case on June 22, 2017; that on that same day she met with the child at her grandmother's house; and that during the interview the child related the details of what T.E.-B. had done, and the child stated that what she described happened when the child was four years old. During the Safe Harbor interview on June 27, 2017, the child related the details of what T.E.-B. had done, stated that she was trying to go to school when it happened, and stated that he had done it before. A video recording of the Safe Harbor interview was played during the trial.

¶4      The circuit court found the child credible and found "beyond a reasonable doubt that the State has met its burden of proof" as to the sexual assault count.

¶5      T.E.-B. filed a motion for post-disposition relief on multiple grounds. After an evidentiary hearing that spanned three days, the circuit court issued a comprehensive decision and order denying the motion.[2]  This appeal follows.

---

[2] The circuit court commended post-disposition counsel's zealous advocacy of T.E.-B.  I note that counsel has continued to provide T.E.-B. zealous advocacy on appeal.

**DISCUSSION**

¶6      On appeal, T.E.-B. raises only the claim, which the circuit court did not address, that the evidence at trial was insufficient to prove that T.E.-B. committed the offense "on or about June 21, 2017," as alleged in the petition.[3]

¶7      A challenge to the sufficiency of the evidence may "be raised on appeal as a matter of right despite the fact that the challenge was not raised in the circuit court." *State v. Hayes*, 2004 WI 80, ¶54, 273 Wis. 2d 1, 681 N.W.2d 203. Whether the evidence is sufficient to sustain a verdict is a question of law this court reviews de novo. *State v. Booker*, 2006 WI 79, ¶12, 292 Wis. 2d 43, 717 N.W.2d 676.

¶8      "[I]n reviewing the sufficiency of the evidence to support a conviction, an appellate court may not substitute its judgment for that of the trier of fact unless the evidence, viewed most favorably to the state and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990). "If any possibility exists that the trier of fact could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt, an appellate court may not overturn a verdict even if it believes that the trier of fact should not have found guilt based on the evidence before it." *Id.* The test is the same "whether the trier of the facts is a court or a

---

[3] T.E.-B. does not raise any issue as to double jeopardy or due process, and expressly states that he is not arguing "improper or insufficient notice, or of ambiguity in the charging language, or of too broad a date range, or of too little effort to narrow down the offense date." Accordingly, this opinion addresses only the issue raised on appeal, in T.E.-B.'s words, "that the State failed to meet its factual burden of proof at trial with regard to its charged offense, a sexual assault occurring 'on or about June 21, 2017.'"

jury." ***Krueger v. State***, 84 Wis. 2d 272, 282, 267 N.W.2d 602 (1978) (quoting ***White v. State***, 45 Wis. 2d 672, 677-78, 173 N.W.2d 629 (1970)).

¶9      Here, the evidence at trial mirrored the allegations in the petition, namely that the sexual contact described by the child occurred when she was four years old and when she was going to school.  The parties agree that these two pieces of evidence mean that the offense occurred between the child's fourth birthday, November 6, 2016, and the date of the report to law enforcement on June 21, 2017, around the end of the school year.  T.E.-B. does not argue that the evidence was insufficient to support the circuit court's finding that the offense did occur during that period.  Thus, the question is whether, when the State met its burden of proving that the offense occurred during the seven-and-one-half-month period of November 6, 2016 to June 21, 2017, it proved that the offense occurred "on or about June 21, 2017," as alleged in the petition.

¶10     In addressing this issue, both parties cite case law governing the determination of whether an alleged date provides sufficient notice to a defendant charged with sexual assault of a child.  Because "the date of the commission of the crime is not a material element" of the offense of child sexual assault, "it need not be precisely alleged." ***State v. Fawcett***, 145 Wis. 2d 244, 250, 426 N.W.2d 91 (Ct. App. 1988).  That is, "the prosecution is not formally tied to [a specific] date and may prove the commission of the offense charged on some other day within a reasonable limitation." ***Hess v. State***, 174 Wis. 96, 99, 181 N.W. 725 (1921); *see also* ***State v. Stark***, 162 Wis. 2d 537, 544-45, 470 N.W.2d 317 (Ct. App. 1991) (the State must "inform a defendant, within *reasonable* limits, of the time when the offense charged was alleged to have been committed" (alteration in original)); ***Thomas v. State***, 92 Wis. 2d 372, 375, 386, 284 N.W.2d 917 (1979) (stating that, in a case involving sexual assault of a female with the mental capacity of a six-

5

year-old child, the "failure to prove the specific date of the offense is not fatal to the state's case against the defendant").

¶11   In child sexual assault cases, "[y]oung children cannot be held to an adult's ability to comprehend and recall dates." *Fawcett*, 145 Wis. 2d at 249. Rather, the imprecision of a child's memory goes to the credibility of the child and the weight of the child's testimony. *Id.* at 254; *State v. Sirisun*, 90 Wis. 2d 58, 64, 279 N.W.2d 484 (Ct. App. 1979). "[W]e are mindful that child victims of sexual assault are often unable to pinpoint dates. Therefore, we do not hold the State to an impossible burden, especially when the State has no control over the ability to narrow." *Stark*, 162 Wis. 2d at 545.

¶12   In light of the greater flexibility afforded the State in alleging a time frame for the commission of child sexual assault, and based on the evidence presented at trial, the case law cited above compels the conclusion that when the State proved that the sexual assault of the four-year-old child occurred within the seven-and-one-half months preceding June 21, 2017, it proved that the offense occurred "on or about June 21, 2017," as alleged in the petition. *See Fawcett*, 145 Wis. 2d at 254 ("[i]n a case involving a child victim, we conclude a more flexible application of notice requirements is required and permitted").

¶13   T.E.-B.'s arguments to the contrary are unavailing.

¶14   First, T.E.-B. argues that the State did not prove, within reasonable limitations, that the offense occurred "on or about June 21, 2017," because, according to T.E.-B., the only evidence was the child's June 22, 2017 statement that the offense occurred when she was four years old, but she turned four in November 2016 and November 2016 is not reasonably encompassed by "on or about June 21, 2017." This argument ignores the additional evidence comprising

the child's statement that the offense occurred when she was going to school, which would define the time frame to extend from November 2016 to June 2017. It also ignores the absence during trial of any indication that T.E.-B. sought to present an alibi defense tied to any specific date. *See Stark*, 162 Wis. 2d at 548-49 (any error when the State did not narrow the time frame of the alleged offense was harmless because the defendant produced no evidentiary hypothesis for an alibi). Because a precise date was not material to the State's case, T.E.-B. fails to show that the seven-and-one-half-month time frame is not reasonably encompassed by "on or about June 21, 2017."

¶15    Second, T.E.-B. argues that the "on or about" allegation implicated his double-jeopardy protection. However, he does not argue that his rights against double jeopardy were violated by this prosecution and, as the State notes, the time for T.E.-B. to make such an argument would be during a subsequent prosecution.

¶16    Third, T.E.-B. argues that the difference in time frame between "on or about June 21, 2017" and "between November 6, 2016 and June 21, 2017" is not a technical variance subject to amendment under WIS. STAT. § 971.29(2). However, that argument need not be reached where it has already been concluded that "on or about June 21, 2017" reasonably encompasses "between November 6, 2016 and June 21, 2017" based on the evidence at trial and in light of the binding case law cited above.

¶17    In his reply brief, T.E.-B. suggests that there was reason to doubt the child's ability, understanding, or meaning when she said that the offense occurred when she was four years old. However, the circuit court found the child credible, and this court must defer to that finding. *See State v. Randall*, 2011 WI App 102, ¶14, 336 Wis. 2d 399, 802 N.W.2d 194 (we defer to the circuit court's credibility

determinations); ***Lessor v. Wangelin***, 221 Wis. 2d 659, 665, 586 N.W.2d 1 (Ct. App. 1998) ("When the [circuit] court acts as the finder of fact, it is the ultimate arbiter of the credibility of the witnesses and of the weight to be given to each witness's testimony.").

¶18    The remainder of T.E.-B.'s arguments center around his assertion that evidence of the prosecution's precharging assessment of the strength of the case, in light of the information regarding the time frame for the commission of the offense, was deliberately withheld during discovery.  T.E.-B. concedes that evidence of the prosecution's precharging determinations is not relevant to the sufficiency of the evidence at trial.  However, T.E.-B. argues that those determinations are somehow made relevant because the prosecutor did not disclose them.  T.E.-B. cites language in ***State v. Wayerski***, 2019 WI 11, 385 Wis. 2d 344, 922 N.W.2d 468, in support of his argument.  But that language confirms that the criminal trial, not the prosecutor's private deliberations, is "the chosen forum for ascertaining the truth about criminal accusations."  ***Id.*** at ¶58 (quoted source omitted).  That case is also inapposite, because it concerned the prosecutor's failure to disclose a witness's pending criminal charges, ***id.*** at ¶60, not, as here, the prosecutor's assessment of the strength of its case.

¶19    T.E.-B. also relies on his trial counsel's testimony at the post-disposition motion hearing to support his argument that counsel would have litigated the case differently had the State alleged that the offense occurred between November 6, 2016 and June 21, 2017.  While the record does not support T.E.-B.'s characterization of his trial counsel's testimony, he also does not appeal the circuit court's determination that his trial counsel was not ineffective with respect to the offense date, and his speculation as to what trial counsel should have

done goes beyond the evidence at trial, upon which his sufficiency of the evidence challenge is based.

¶20    While a sufficiency of the evidence challenge must be reviewed based on the evidence presented at trial, *see **Krueger***, 84 Wis. 2d at 282-83, to the extent that T.E.-B. suggests that the State engaged in some kind of prosecutorial misconduct as to the offense date, the circuit court's comments concerning such a suggestion in its decision denying T.E.-B's postconviction motion are instructive. The court stated:

> [T]he petition asserts that the sexual assault occurred on or about June 21, 2017.  Everyone agrees that this could not have been the actual date since June 21, a Wednesday, was the date that the offense was reported to law enforcement.  It is undisputed that [the child] reported the assault over Father's Day weekend which would have been the previous weekend.…
>
> Trial counsel testified that he made a decision that this was not a case where challenging or investigating the date would have been fruitful.  [The child] was four years old.  She was able to say that the offense occurred when she was four and during the school year.  Otherwise, she was unable to give any more specificity.
>
> ….
>
> It is unclear whether [T.E.-B.] is asserting that the State engaged in prosecutorial misconduct by hiding something.…  [T.E.-B.] focused on the fact that redacted portions of discovery showed that the State itself ha[d] concerns about the lack of specificity of the date of the offense.  Notably those redacted portions do not show that the State had additional information on the date of the offense, but instead was concerned about the lack of specificity.  I conclude that the State's assessment of the strength of its case is simply irrelevant.

¶21    On appeal, T.E.-B. neither pursues a claim of prosecutorial misconduct nor argues that the circuit court erred with respect to any claim of prosecutorial misconduct that T.E.-B. may have raised in his post-disposition

motion. Accordingly, I conclude that he fails to show that a prosecutorial misconduct claim is properly before me on appeal.

## CONCLUSION

¶22 For the reasons stated, T.E.-B.'s challenge to the sufficiency of the evidence fails. Accordingly, I affirm.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.